ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| ANA GUZMÁN FEBO<br><br>Peticionaria<br><br>v.<br><br>JAIME RIVERA QUIÑONES<br><br>Recurrido | KLCE202400074 | *Certiorari*<br>Procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Sobre:  Custodia<br><br>Caso Núm.:<br>CA2022RF00523 |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Salgado Schwarz y el Juez Ronda Del Toro.

Rodríguez Casillas, juez ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 12 de abril de 2024.

Comparece ante nos la señora Ana Guzmán Febo (en adelante, peticionaria o señora Guzmán Febo) y nos solicita que revisemos varias órdenes y resoluciones emitidas por el Tribunal de Primera Instancia, Sala Superior de Carolina (en adelante, TPI). Al igual que la imposición de una sanción.

Recibido el alegato del recurrido y luego de examinar el recurso presentado, **denegamos** el auto de *certiorari* solicitado. Veamos.

**-I-**

Los hechos que se detallan a continuación resultaron ser en ocasiones confusos. Esto se debe, en gran medida, a la inobservancia de las partes de epígrafe de presentar en sus apéndices los documentos a los que hacen referencia, observando una falta de exactitud en el tracto procesal y en sus escritos.

Según surge del expediente, el señor Jaime Rivera Quiñones (en adelante, recurrido o señor Rivera Quiñones) y la señora Guzmán Febo procrearon a la menor SRG quien nació

prematuramente el 18 de febrero de 2021. Al nacer, SRG fue diagnosticada con hipotonía muscular, deficiencia genética, retraso en el desarrollo, ASD (soplo), una sola arteria en el cordón umbilical, historial de hiperbilirrubinemia. Alega la peticionaria que desde el nacimiento de SRG, el recurrido le informó que no deseaba participar en la vida de la pequeña. No obstante, la señora Guzmán Febo alega que mantuvo informado al señor Rivera Quiñones vía mensajes de textos. Alega, además, que solamente ella le proveyó todos los servicios médicos de la menor.

Durante el primer año de vida de SRG, la peticionaria y el recurrido acordaron de forma extrajudicial que este último realizaría una aportación económica de doscientos ($200) dólares mensuales. Esta cantidad aumentaría a trescientos ($300) dólares luego del primer año de vida.

El 3 de agosto de 2022, la señora Guzmán Febo presentó una *Petición de Pensión Alimentaria y Referido a Unidad Social para Estructurar Relaciones Paterno Filiales*. Esto, en aras de que el TPI fijara relaciones paternofiliales de forma escalonadas. Por su parte, el señor Rivera Quiñones solicitó custodia compartida, a lo cual la señora Guzmán Febo se opuso. Ante este cuadro, el caso fue referido a la Unidad Social.

El 25 de octubre del 2022, el TPI celebró una vista en la cual ordenó que las relaciones paternofiliales se llevaran a cabo los jueves y sábado, de 9:00am a 5:30pm, sin pernoctar.[1] Además, a solicitud de la peticionaria, se indicó que la comunicación entre las partes se llevase a cabo a través de una aplicación llamada *Talking Parents*.

El 28 de febrero de 2023, la Unidad Social rindió su primer informe social en el cual se recomendaba la custodia compartida y que las relaciones paternofiliales fuesen a base de un 30% de tiempo

---

[1] Véase, Apéndice de la Peticionaria, págs. 18-23.

compartido. Para este informe, no se realizaron evaluaciones psicológicas y psiquiátricas. La señora Guzmán Febo se opuso y anunció la impugnación del informe mediante el Trabajador Social Paul Fericelli como perito.

Luego de varios incidentes procesales, el 31 de mayo de 2023 el TPI celebró una vista en la cual se refirió a la Unidad Social gestionar un coordinador parental para las partes y se les instruyó a continuar la comunicación con respeto y madurez, entre otros asuntos.[2] Tras varias semanas, el señor Rivera Quiñones le solicitó al TPI ampliar las relaciones paternofiliales. Por su parte, la señora Guzmán Febo solicitó la custodia provisional con facultades tutelares debido a que, en más de una ocasión, el recurrido canceló, de manera unilateral, la cita de la menor SRG con su pediatra, ello en incumplimiento con las órdenes del foro de instancia.

El 28 de agosto de 2023, se celebró una vista en la cual el TPI le recordó a las partes que cualquier comunicación con los médicos de SRG debería ser de manera conjunta y que, de haber discrepancias, el tribunal resolvería a base de la recomendación del facultativo médico.[3] Por otro lado, denegó la solicitud de la peticionaria sobre las facultades tutelares y amplió las relaciones paternofiliales en semanas alternas, desde jueves a las 9:00am hasta lunes a las 5:00pm.[4] Razonó que no existían elementos para determinar que el señor Rivera Quiñones no estuviese cumpliendo con sus obligaciones. En la vista se discutió, además, sobre los facultativos médicos que le proveen servicios a SRG, a lo cual, el señor Rivera Quiñones hizo constar que objetaba a las pediatras de la menor. Ante esta objeción, el tribunal ordenó a las partes a cambiar las pediatras de SRG.

---

[2] Véase, Apéndice de la Peticionaria, págs. 29-34.
[3] Véase, Apéndice de la Peticionaria, pág. 39.
[4] Véase, Apéndice de la Peticionaria, págs. 38-44.

El 14 de septiembre de 2023, la señora Guzmán Febo presentó una *Urgentísima Reconsideración a Orden de Cambio de Pediatra, Solicitud de Sanciones y Urgente Solicitud de Orden de Reinicio de Coordinación Parental.*[5] En resumen, expresó estar en desacuerdo con la determinación del 28 de agosto de 2023 (referente al asunto del cambio de pediatra) ya que el señor Rivera Quiñones escogió unilateralmente a una nueva pediatra, la Dra. Ada Pimentel (en adelante Dra. Pimentel) en incumplimiento con la orden del tribunal. Además, la señora Guzmán Febo se opuso a que la Dra. Pimentel fuese la pediatra de SRG debido a que no aceptaba planes médicos, no atendía casos que estuviesen en litigación y era una subespecialista, por lo que entendía que no debía ser la doctora de cabecera de la menor. Por ello, le solicitó al TPI reconsiderar la orden del 28 de agosto de 2023 y revocar su determinación sobre el cambio de pediatra. No obstante, el foro *a quo* denegó la solicitud, por lo que, a esa fecha, la señora Guzmán Febo acudió en *certiorari* ante este foro intermedio solicitando su revocación.[6] En aquel momento, le fue denegado la expedición del recurso.

Posteriormente, el TPI emitió una resolución el 10 de octubre de 2023 dejando sin efecto las vistas de impugnación para que las partes pudiesen tener todas las herramientas a su favor durante el descubrimiento de prueba. Por lo que, mantenía vigente el señalamiento del 20 de diciembre.[7] Además, amplió las relaciones paternofiliales para que SRG y el señor Rivera Quiñones compartieran todas las semanas de martes a miércoles, de 8:00am a 1:00pm. Esto, como relación adicional a las ya establecidas.

Así las cosas, la señora Guzmán Febo presentó una solicitud para que el TPI paralizara las relaciones paternofiliales, según

---

[5] Véase, Apéndice de la Peticionaria, pág. 47a-47h.
[6] *Guzmán Febo v. Rivera Quiñones*, KLCE202301187.
[7] Véase, Apéndice del Recurrido, pág. 17.

ampliadas por el tribunal. Sin embargo, el foro primario denegó la solicitud mediante Orden del 16 de octubre de 2023.

El 17 de octubre de 2023, el señor Rivera Quiñones presentó una *Urgente Moción Solicitando se Encuentre Incursa en Desacato a la Demandante*. En síntesis, alegó que, contrario a la orden emitida por el TPI, la señora Guzmán Febo no compareció al lugar designado para entregarle a la menor SRG. Indicó que, ante los reclamos de su abogado por correo electrónico, la abogada de la peticionaria presentó un recurso de *Certiorari* y una solicitud en *Auxilio de Jurisdicción* ante este foro intermedio. Asunto en el cual, declinamos expedir los recursos.[8]

Así, el TPI le ordenó a la peticionaria mediante Orden Urgente que entregara a la menor, so pena de desacato y que tendría que compensarle al señor Rivera Quiñones las horas en las que no entregó a la menor.[9] Surge del expediente que la señora Guzmán Febo y su representante legal comparecieron mediante sus respectivos escritos explicando que su intención nunca fue incumplir con las órdenes del tribunal.

Posteriormente, la señora Guzmán Febo presentó varias mociones relacionadas a la selección de la Dra. Pimentel como pediatra de la menor SRG. En ocasión, alegó que no se tomó en consideración su posición sobre el asunto.

El 24 de octubre de 2023, el TPI emitió una orden en la que expresó que, por segunda ocasión la peticionaria indicaba, de forma incorrecta, que no se escuchó su oposición.[10] Reiteró que la selección de la pediatra debía hacerse por ambos progenitores. La peticionaria compareció mediante *Moción en Cumplimiento de Orden sobre Alegado Desacato Respecto a la Pediatra de Neurodesarrollo*.[11]

---

[8] *Guzmán Febo v. Rivera Quiñones*, KLCE202301284.
[9] Véase, Apéndice del Recurrido, pág. 39.
[10] Véase, Apéndice del Recurrido, pág. 42.
[11] Véase, Apéndice de la Peticionaria, págs. 48o-48r.

En síntesis, adujo no haber seleccionado a la Dra. Pimentel y, además, dudaba de la objetividad de la pediatra debido a las comunicaciones *ex parte* habidas entre ésta y el señor Rivera Quiñones.

Días más tarde, el recurrido le comunicó a la peticionaria que había calendarizado una cita con la Dra. Pimentel para el 1 de noviembre de 2023. La señora Guzmán Febo le expresó su descontento y, el 31 de octubre de 2023 le cursó un correo electrónico al recurrido y a la Dra. Pimentel. En este, expresó estar en desacuerdo con la cita pautada de manera *ex parte*, que deseaba ser tratada con respeto, que dudaba de la imparcialidad de la pediatra y que esperaba ser incluida en la coordinación de citas futuras.[12]

El 31 de octubre de 2023, el TPI emitió *Resolución sobre Todos los Asuntos Pendientes, Sanciones y Advertencia de Descalificación,*[13] en síntesis, expresó que ya había atendido los asuntos referentes a la Dra. Pimentel y la pediatra de cabecera mediante la vista del 28 de agosto de 2023, por lo que no había nada más que proveer al respecto. Así, le impuso una sanción económica a la abogada de la peticionaria por entender que no estaba siendo efectiva, por lo cual, le exhortó a la representante legal a solo llevar las controversias que fueran necesarias y dejar que el curso del caso continuara.

Tras varios tramites procesales, el 20 de diciembre de 2023 el TPI emitió una orden en la cual sancionó a la señora Guzmán Febo por la suma de doscientos ($200) dólares a favor del señor Rivera Quiñones, por el incidente con la Dra. Pimentel. Además, el foro *a quo* solicitó que comenzara la coordinación parental entre las partes y que las representantes legales no apoyaran la litigación excesiva.

---

[12] Véase, Apéndice del Recurrido, pág. 70
[13] Véase, Apéndice de la Peticionaria, págs. 61a-61j.

El mismo 20 de diciembre de 2023, se llevó a cabo la vista de lectura de informe social,[14] por lo cual, fue emitida una orden a la Unidad Social con el informe complementario y se estableció la custodia **provisional** a favor de la peticionaria, pero mantuvo la ampliación de las relaciones paternofiliales de martes a miércoles. Por su parte, el señor Rivera Quiñones solicitó que se reconsiderara la determinación sobre la custodia provisional, por lo que luego de escuchar la argumentación de ambas partes, el tribunal reconsideró e hizo una determinación provisional de custodia compartida, ya que consideró que no afectaba a las partes y era lo más justo. Recalcó que no sería un dictamen final hasta que se presentara toda la información que la Unidad Social debía someter. Así, señaló vista de lectura de informe complementario para el 4 de abril de 2024.

Inconforme con las órdenes, la señora Guzmán Febo acude ante nos y plantea la comisión de los siguientes errores:

> ***Error #1:*** *Erró el TPI al imponer una determinación de custodia compartida provisional en una vista señalada para lectura de informe de forma arbitraria y discriminatoria, en violación al Artículo 603 del Código Civil y a la Ley 223 sobre Adjudicación de Custodia a sabiendas que la Recurrente rindió informe de impugnación sobre la recomendación de custodia compartida de informe social previo y en contra de las recomendación de custodia monoparental del segundo informe social sin celebración de vista evidenciaria ni de impugnación.*
>
> ***Error #2:*** *Erró el TPI al imponer un desacato civil y sancionar económicamente a la Recurrente:*
> *(a) Con prueba inadmisible de mensajes de texto y alegaciones sin celebración de vista para recibir prueba acredite el alegado incumplimiento sobre la cancelación de citas médicas.*
> *(b) Con prueba de referencia de mensajes de texto y alegaciones sin celebración de vista por un alegado incidente con persona que no es parte, la Dra. Pimentel*
> *(c) Al no tomar en consideración el cumplimiento de la Recurrente a órdenes previas finales y firmes de realizar comunicaciones de forma conjunta a los médicos.*
>
> ***Error #3:*** *Erró el TPI al no ordena incluir los asuntos planteados por la Recurrente en la moción posicional a la Unidad Social para ser incluidos en el Informe Complementario.*

---

[14] Véase, Apéndice de la Peticionaria, págs. 1-16.

El señor Rivera Quiñones compareció oportunamente mediante *Oposición a Petición de Certiorari*.

**-II-**

Como bien ha señalado el Tribunal Supremo de Puerto Rico, el auto de *certiorari* constituye *"un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior"*.[15] Por discreción se entiende el *"tener poder para decidir en una forma u otra, esto es, para escoger entre uno o varios cursos de acción"*.[16]

En ese sentido la Regla 52.1 de Procedimiento Civil delimita las instancias en que este foro habrá de atender y revisar mediante el recurso en discusión las resoluciones y órdenes emitidas por los tribunales de primera instancia, a saber:

> *[e]l recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.*
> *Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales.*[17]

Con el fin de que podamos ejercer de una manera prudente nuestra facultad discrecional —de entender o no en los méritos de los asuntos que son planteados mediante este recurso— nuestros oficios se encuentran enmarcados en la Regla 40 del Reglamento del

---

[15] *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009).
[16] *García v. Asociación*, 165 DPR 311, 321 (2005).
[17] 32 LPRA Ap. V, R. 52.1.

Tribunal de Apelaciones,[18] que establece los criterios que debemos tomar en consideración para determinar la procedencia de la expedición de este recurso; a saber:

*(A)  Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.*
(B)  *Si la situación de hechos planteada es la más indicada para el análisis del problema.*
(C)  *Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.*
(D)  *Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.*
(E)  *Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.*
(F)  *Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.*
(G)  *Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.*

Siendo la característica distintiva para la expedición de este recurso la discreción conferida al tribunal revisor, el Tribunal Supremo de Puerto Rico ha dispuesto que:

> *de ordinario, no se intervendrá con el ejercicio de discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial.*[19]

De manera, que, si la actuación del foro recurrido no está desprovista de base razonable, ni perjudica los derechos sustanciales de las partes, deberá prevalecer el criterio del juez de primera instancia a quien le corresponde la dirección del proceso.[20]

**-III-**

En síntesis, la peticionaria arguye que el TPI erró al determinar de forma arbitraria y discriminatoria en una vista de lectura de informe que la custodia de SRG debía ser compartida. Señaló, además, que el foro recurrido erró al imponerle la sanción

---

[18] 4 LPRA Ap. XXII-B, R. 40.
[19] *IG Builders et al. v. BBVAPR*, supra, pág. 338; *Zorniak Air Services v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992); *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).
[20] *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 434-435 (2013); *Sierra v. Tribunal Superior*, 81 DPR 554, 572 (1959).

por haberse basado en prueba inadmisible y que al no incluir los asuntos que planteó la peticionaria en la moción posicional a la Unidad Social para ser incluidos en el Informe Complementario.

Luego de examinar los méritos del presente recurso, entendemos procedente no intervenir con las órdenes recurridas. Del expediente de este caso no surge que el TPI haya actuado de manera arbitraria, caprichosa, en abuso de su discreción o mediante la comisión de algún error de derecho.[21]

En virtud de lo anterior, no hallamos criterio alguno bajo la referida Regla 40 de nuestro Reglamento que nos mueva a variar las órdenes emitidas por el TPI. Así las cosas, devolvemos el asunto al foro recurrido para que continúen los procedimientos según pautados.

### -IV-

Por los fundamentos antes expuestos, **denegamos** el auto de *certiorari* solicitado.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[21] *Trans-Oceanic Life Ins. v. Oracle Corp.,* 184 DPR 689, 709 (2012).